J-S10008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. REAM | : | |
| | : | |
| Appellant | : | No. 1467 MDA 2019 |

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002050-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:      **FILED: MARCH 30, 2020**

Michael A. Ream appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Further, court appointed counsel, Kristopher George Accardi, Esquire, has filed a petition to withdraw as counsel and a ***Turney/Finley***[1] "no-merit" letter. We affirm and grant counsel's petition to withdraw.

On January 22, 2019, Ream entered a guilty plea to one count of possession with intent to deliver ("PWID") – Marijuana and one count of person not to possess firearms, and entered a *nolo contendere* plea to one count of PWID – Heroin[2]. He was sentenced the same day to an agreed upon

---

[1] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Ream maintained that he possessed the heroin for personal use only.

aggregate sentence of four and a half to nine years' incarceration. Ream did not file post-sentence motions or a direct appeal.

On April 30, 2019, Ream filed a timely *pro se* PCRA petition. In his petition, Ream alleged (1) ineffective assistance of counsel for failure to provide him with full discovery, (2) ineffective assistance of counsel for failure to advise him of his maximum possible sentence, (3) ineffective assistance of counsel for advising him to not cooperate with the drug task force, (4) ineffective assistance of counsel for promising admission into a drug treatment court, and (5) misconduct by the drug task force in the instant case, and committing perjury in other cases. The PCRA court appointed counsel to assist Ream with his PCRA petition. PCRA counsel subsequently filed a ***Finley*** "no-merit" letter and a motion to withdraw. The PCRA court issued notice of its intent to dismiss Ream's petition pursuant to Pa.R.Crim.P. 907. A hearing was held to address Ream's filed objections. The court subsequently permitted counsel to withdraw and denied the petition.

Ream timely filed a *pro* se notice of appeal, and subsequently requested appointment of counsel. Attorney Accardi was appointed, and in lieu of an advocate's brief, has filed a ***Turner/Finley*** "no-merit" letter and a petition to withdraw as counsel. Thus, we must assess counsel's assertion that the issues Ream wishes to raise have no merit pursuant to the following standards.

> The ***Turner/Finley*** decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary

independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney[.]

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted) (some brackets in original). Attorney Accardi has served Ream with a copy of his no-merit letter, and the letter informs Ream of his right to retain private counsel or proceed *pro se*, and that he did not need to wait for this Court to rule on counsel's petition to act. Ream has not filed a response.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

Ream presents the following issues on appeal.

I. Whether the Defendant, Michael Ream did not live at 940 Elm Street, which the York County Drug Task Force raided. If Defendant did not live at this address, whether the search by the Drug Task Force was illegal?

II. Whether Adam Bruckhart has been charged with committing perjury and other related offenses and misconduct within his professional career as a Drug Task Force Agent within his duties,

also whether other members of the Drug Task Force are under an ongoing investigation as well?

III. Whether Michael Ream was properly charged with the drug sale because the buy & bust was on Robert Howard and Robert Howard admitted that he made the drug sale?

IV. Whether the Honorable Harry M. Ness previously stated in Court that 940 Elm Street was not Michael Ream's permanent address and current residence?

V. Whether the Drug Task Force manipulated the Defendant's statements, when they stated that Michael Ream moved the gun multiple times, just to indicate that the defendant had the opportunity and access to the firearm?

VI. Whether the Drug Task Force Agency in York abused their integrity as Police Officers and put Michael Ream in a position where he thought he had to take a plea agreement when the owner of the gun was Khadijah Ream.

VII. Whether the York County Drug Task Force indicated that they had surveillance photos of the defendant making drug [sales] and withheld the photos from Michael Ream, a violation of Brady v. Maryland.

VIII. Whether a lab test was done on the gun to test for finger prints to see if Defendant actually handled the gun?

Trial Court Opinion, at 5-6 (issues edited from notice of appeal for clarity).

We must first determine which, if any, of these issues Ream preserved

for our review.

The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). **Commonwealth v. Spotz**, 18 A.3d 244, 260-61 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal).

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa.C.S.A. § 9544(b). Ream could have raised all eight issues previously but failed to do so either before trial, or on direct appeal. Therefore, we find them waived. We also note that none of these claims are in Ream's initial petition, and he has not sought leave to amend the petition. They are therefore waived for this reason as well. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal").

Our independent review of the certified record does not reveal any other meritorious issues.

As we find all of Ream's issues on appeal are waived, we affirm the PCRA court's order denying Ream's petition and grant counsel's application to withdraw as counsel.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2020

- 5 -